## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-CV-80787-RYSKAMP/VITUNAC

SANDALWOOD ESTATES
HOMEOWNER'S ASSOCIATION, INC.,

       Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY and ZURICH AMERICAN
INSURANCE COMPANY,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO
## COMPEL PRODUCTION OF DOCUMENTS

**THIS CAUSE** comes before the Court upon the plaintiff Sandalwood Estates
Homeowner's Association, Inc.'s ("Sandalwood") motion to compel production of documents
**[DE 24]** filed on December 22, 2009.  Defendant Empire Indemnity Insurance Company
("Empire") filed a response in opposition **[DE 25]** on January 8, 2010.  Sandalwood filed a reply
in further support of its motion to compel **[DE 26]** on January 19, 2010.  This matter is ripe for
adjudication.

### I.    Background

The instant case is a first-party statutory bad faith lawsuit which arises out of Empire's
alleged improper handling of Sandalwood's claims for property damage caused by Hurricane
Frances in 2004 and Hurricane Wilma in 2005.  Sandalwood's claims proceeded to an appraisal.
Sandalwood recovered, beyond the payments previously made by Empire, $3,843,117.00 for its

1

claims related to Hurricane Frances and $2,223,686.00 related to its claims for Hurricane Wilma. Sandalwood alleges that its Hurricane Frances claim was resolved on April 11, 2006. Sandalwood alleges that its Hurricane Wilma claim was resolved on August 24, 2009, the date on which Sandalwood executed a settlement agreement a release in the underlying lawsuit regarding the appraisal of its Hurricane Wilma claim.

Sandalwood contends that Empire breached its statutory duties of good faith to Sandalwood and engaged in unfair claim settlement practices in violation of Florida Statutes §§ 624.155(1)(a)(1), 624.155(1)(b)(1), and 626.9541(1)(i)(3).  Sandalwood alleges that Empire improperly resisted paying Sandalwood's property damage claims, as part of a general business practice of refusing to fully and fairly pay significant claims.

On September 11, 2009, Sandalwood served its request for production of documents on Empire.  In that request, Sandalwood sought Empire's claim files for both the Hurricane Wilma and Frances claims in addition to correspondence between the parties and Sandalwood's proofs of loss.  On October 2, 2009, Empire produced portions of its Hurricane Wilma claim file as part of its Federal Rule of Civil Procedure 26 initial disclosure.  On October 14, 2009, Empire responded to Sandalwood's request for production, but did not produce any additional documents and later confirmed that the documents produced with its Rule 26 disclosure were partially responsive to the request for production.  On November 13, 2009, Empire produced portions of its Hurricane Frances claim file.  Additionally, Empire provided two privilege logs corresponding to each document production.  The privilege logs show that Empire, citing attorney-client privilege and work product immunity, withheld entire documents and redacted portions of several others.  Empire puts these documents into three categories: (1) documents between Empire and its counsel—both inside and outside—during the claim process, and where

applicable, during claim litigation; (2) documents generated in response to Sandalwood's civil remedy notice; and (3) other documents generated in contemplation of Sandalwood's bad faith lawsuit.

## II.  Discussion

### a.  Timeliness of Motion to Compel under S.D. Fla. L.R. 26.1(H)(1).

Citing S.D. Fla. Local Rule 26.1(H)(1), Empire argues that Sandalwood's motion is untimely. Local Rule 26.1(H)(1) provides that all discovery motions "shall be filed within thirty days of the occurrence of grounds for the motion. Failure to file discovery motion within thirty days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought." S.D. Fla. L.R. 26.1(H)(1).

Local Rule 26.1(H)(1) is permissive and affords the Court discretion in whether to consider a late-filed motion. *See Kabula v. Southern Homes of Homestead VIII, Inc.*, 2008 WL 4691983, at *1 (S.D. Fla. October 22, 2008) (noting the permissive nature of the rule). While the Court agrees that the motion was late, the Court finds that Sandalwood has shown reasonable cause for its late filing. This case remains in its early stages and Empire was not prejudiced by Sandalwood's minor delay in filing this motion. The Court cautions Sandalwood, however, that in the future, it must bring such matters before the Court and request an extension of time to file a discovery motion before the expiration of the thirty days provided by the local rules.

### b.  Allstate Indemnity Co. v. Ruiz and Attorney-Client Privilege

At issue in the motion pending before the Court is whether any of the documents withheld by Empire or redacted prior to being produced to Sandalwood are protected under the attorney-client privilege. Generally, Sandalwood argues that the documents contained in Empire's claim files for Sandalwood's Hurricane Wilma and Hurricane Frances claims are

discoverable in its first-party bad faith suit.  Empire contends that some of the documents contained in those claim files are protected under the attorney-client privilege and, therefore, are undiscoverable.   Specifically, Empire contends that attorney-client privilege applies to documents between an insurance carrier and its personal counsel, even in the bad faith context.

The issue is governed by Florida law.  *Adega v. State Farm & Cas. Ins. Co.*, 2008 WL 1009819, at *1 (S.D. Fla. 2008) (citing *Cozort v. State Farm Mut. Auto. Ins. Co.*, 233 F.R.D. 674, 676 (M.D. Fla 2005)).   The Florida Supreme Court has held that "in connection with evaluating the obligation to process claims in good faith under section 624.155, all materials, including documents, memoranda, and letters, contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages, should also be produced in a first-party bad faith action." *Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1129-30 (Fla. 2005).  The Florida appeals courts have interpreted *Ruiz* differently than the federal district courts in Florida.  The Florida appeals courts have held that *Ruiz* does not extend to materials protected by the attorney-client privilege.  *See, e.g., West Bend Mut. Ins. Co. v. Higgins*, 9 So.3d 655, 657 (Fla. 5th DCA 2009); *XL Specialty Ins. Co. v. Aircraft Holdings, LLC*, 929 So.2d 578, 583 (Fla. 1st DCA 2006).   Federal district courts in Florida have consistently held that the Florida Supreme Court intended *Ruiz* to extend to claim file materials that would otherwise be protected by attorney-client privilege.  *See, e.g., Law Offices of Lauri J. Goldstein, P.A. v. Maryland Cas. Ins. Co.*, 08-CV-14260-MARTINEZ/LYNCH (S.D. Fla. July 22, 2009); *Adega v. State Farm Fire & Cas. Ins. Co.*, 2008 WL 1009718, at *1 (S.D. Fla. 2008); *Nowak v. Lexington Ins. Co.*, 2006 WL 3613760, at *1 (S.D. Fla 2006).

Without a definitive decision from the Florida Supreme Court on an issue of state law, federal district courts are bound to follow the decisions of the Florida appellate courts, *unless* there is some persuasive indication that the highest court of the state would decide the issue differently. *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). The United States District Court for the Southern District of Florida has consistently concluded that there is persuasive indication that the Florida Supreme Court would decide this issue differently that the Florida appellate courts. The undersigned agrees with the conclusions of the Court in *Law Offices of Lauri J. Goldstein, P.A., Adega,* and *Nowak,* and finds that the broad language of *Ruiz* and the Florida Supreme Court's citation to an earlier state court case, *Fidelity & Cas. Ins. Co. v. Taylor*, 225 So.2d 908, 909 (Fla. 3d DCA 1987), which stated that the attorney-client privilege was inapplicable in a bad-faith action, provides the persuasive indication necessary for the undersigned to conclude that the Florida Supreme Court would likely decide this issue differently than the intermediate state appellate courts. Therefore, all documents in the underlying claim and litigation file pertaining to coverage, benefits, liability, or damages, which were created on or before the date of resolution of the underlying claim, must be produced.

Empire and Sandalwood dispute the date on which the 2005 Hurricane Wilma claim was resolved. Sandalwood contends that the Hurricane Wilma claim was resolved on August 24, 2009, when Sandalwood signed a settlement agreement in the underlying litigation. Empire argues that while August 24, 2009 marked the date on which the underlying litigation was resolved, the underlying claim was actually resolved in December 2008, when Empire paid the appraisal award. Empire offers no case law for its assertion that the proper date for determining the resolution date of the underlying claim is the date on which the appraisal award was paid. The Court finds that the proper resolution date is the date on which the settlement agreement was

executed.  *See, e.g., Continental Ins. Co. v. Lopez-Castro*, No. 06-CV-21368-ALTONAGA/TURNOFF (S.D. Fla. April 25, 2008) (finding that the date on which the settlement and assignment agreement were executed as the date of final resolution of underlying claim).

Finally, the Court notes that Empire lodged several objections—some general and some specific—to Sandalwood's production requests.  The Court is unable to determine, based on the information before it, whether these documents still might be protected either the work-product doctrine or by attorney-client privilege.  Keeping in mind the Court's interpretation of the scope of *Ruiz* and its effect on the attorney-client privilege in a first-party bad faith insurance suit, Empire shall produce all documents in its claim and litigation files for Sandalwood's Hurricane Wilma and Hurricane Frances claims—in their entirety and unredacted—which are related to Empire's processing of the claims and which were generated prior to the date of resolution of those claims.  If Empire believes that any of the documents previously redacted or withheld are still not discoverable because they are unrelated to Empire's processing of the claims and therefore not necessarily discoverable under *Ruiz*, Empire must file a notice of filing documents for *in camera* inspection within twenty days of this order.  Empire shall then submit each document withheld or redacted to the Court for review.  The number for each document shall be clearly visible and shall correspond with the number assigned to that document in the privilege logs already filed with the Court.  Empire shall also file a brief, which shall not exceed two pages, for each document explaining why the document is privileged citing case law to support its contention.  If Sandalwood believes that any of the documents are not privileged, and therefore discoverable, Sandalwood shall file a response to each brief filed by Empire within five days.   Sandalwood's responses shall not exceed two pages, shall include citations to relevant

case law, shall address the propriety of the privilege, the necessity of obtaining the documents, and their bearing on the issues in the case.  Unsubstantiated arguments by either party will be ignored.  The Court expects the parties to work together to resolve this conflict without having to bring it before the Court for review.

**III.     Conclusion**

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record.  For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Sandalwood's motion to compel production of documents **[DE 24]** is **GRANTED** to the extent that Empire has not produced documents relating to its processing of Sandalwood's 2004 and 2005 Hurricane claims.  As stated above, if Empire still believes any of the documents previously withheld or redacted are still undiscoverable because of attorney-client privilege, it shall follow the procedure outlined above.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 28 day of January, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE